IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

        Petitioner,

v.                                                                                  CIV 15-0614 MV/KBM

GREGG MARCANTEL,
Secretary of Corrections,

        Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on James Thor Kirk's ("Kirk") Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (*Doc. 3*), Kirk's Motion to Subpoena Warden Joe Chavez (*Doc. 11*), and Kirk's Motion to Compel Viable Claims (*Doc. 15*). Having reviewed Defendant's Answer (*Doc. 14*), and all pertinent authority, the Court recommends that the petition be dismissed with prejudice.

## I.    BACKGROUND[1]

On September 5, 2013, pursuant to a Repeat Offender Plea and Disposition Agreement, Kirk pleaded no contest to charges of fourth degree possession of heroin, fourth degree assault with intent to commit a violent felony, and aggravated fleeing a law enforcement officer. *Doc. 14-1* at 8. Kirk was represented by counsel, Joshua Sanchez, when he entered his plea. *Doc. 14-1* at 50. In exchange for his plea on these

---

[1] Kirk's journey through the state and federal Courts since he was arrested is complicated and convoluted. For example, Kirk has participated as a plaintiff in at least five federal lawsuits regarding the circumstances of his arrest. *See* CIV 12-1157; CIV 14-0891; CIV 14-1027; CIV 15-0736; CIV 16-0270. Much of the record provided by Respondents in their Answer deal with Kirk's civil suits. For the sake of clarity, only those filings relevant to Kirk's federal petition are addressed here.

three counts, other charges were dismissed. *Doc. 14-1* at 10. Kirk, his counsel, an assistant district attorney, and a New Mexico state district judge signed off on the plea agreement. *Id.* at 11-13.

Kirk later filed a *pro se* motion to withdraw his plea on October 16, 2013. *Id.* at 53. Although the docket sheet does not indicate that the motion was denied, that must be the case because of the entry of judgment on the no contest plea. Attorney Sanchez moved to withdraw from representing Kirk due to a conflict of interest on January 17, 2014, referencing Kirk's *pro se* motion to withdraw his plea and the fact that Kirk filed a disciplinary complaint against him. *Doc. 14-4* at 1. Thereafter, Kirk appeared *pro se* for sentencing on March 4, 2014, and was sentenced to ten years imprisonment with two years suspended for an actual term of imprisonment of eight years. *Doc. 14-1* at 1, 4. Kirk was also awarded pre-sentence confinement credit in the amount of 1224 days for the time he spent at the Valencia County Detention Center preceding his sentencing. *Doc. 14-1* at 6. Kirk was also awarded "post-sentence confinement credit until transported to the Corrections[.]" *Id.* An Order to Transport was entered in Kirk's case on March 11, 2014. *Doc. 14-4* at 78. The Judgment, Sentence and Commitment to the New Mexico Corrections Department were filed in Kirk's case on March 25, 2014, and he remains incarcerated at the Central New Mexico Correctional Facility. *Doc. 14-1* at 1.

After he was sentenced, Kirk filed numerous pleadings. Kirk first filed a request for a state habeas corpus relief packet "concerning ineffective assistance of counsel" on March 21, 2014. *Doc. 14-4* at 19. Kirk then filed a motion seeking review of his sentence on April 11, 2014. *Doc. 14-4* at 20. Among other things, this motion raised the fact that Kirk "had been in Valencia County Detention Center three and a half years[.]" *Id.* Kirk

then filed a motion for reconsideration/transport order, requesting, among other things, that the court review his sentence and again referencing the fact that he had been in custody since October 26, 2010. *Doc. 14-4* at 21. Kirk later filed pro se motions to reconsider his sentence on July 25, 2014 and September 26, 2014. *Doc. 14-4* at 28. Kirk's motions to reconsider his sentence were denied on November 19, 2014. *Doc. 14-4* at 34.

Kirk filed a federal habeas petition on October 29, 2014. *See* CIV 14-0976 JCH/CG, *Doc. 1*. In that petition Kirk asserted a Sixth Amendment claim for the violation of his right to a speedy trial and an Eighth Amendment claim for cruel and unusual punishment, resulting from his confinement prior to his plea. *Id.* at 6-7. On March 4, 2015, Magistrate Judge Garza recommended that Kirk's petition be dismissed without prejudice for failure to exhaust his state court remedies. *See* CIV 14-0976, *Doc. 21*. Magistrate Judge Garza's recommendation was adopted by District Judge Herrera, and a final judgment dismissing Kirk's petition without prejudice was entered on June 3, 2015. *See* CIV 14-0976, *Doc. 31*. On June 15, 2015, in a document docketed as *Objection*, Kirk informed the court he had filed a state habeas petition which was under review at the time his *Objection* was filed. *See* CIV 14-0976, *Doc. 33*.

Kirk's state-court Petition for Writ of Habeas Corpus was filed on May 6, 2015. *Doc. 14-4* at 35, 39. In his state-court petition Kirk alleged violations of his Sixth Amendment right to a speedy trial, his Fourth Amendment right to be free of an unreasonable search and seizure, and his Fourteenth Amendment right to due process, to be free of cruel and unusual punishment, and inadequate medical care at the Valencia County Detention Center. *Doc. 14-4* at 40. The petition also sought "Damages

3

for Deprivation of Civil Rights and personal Injury" and asserted four counts under the Fourth Amendment and a fifth for municipal liability. *Id.* at 41-45.

On June 15, 2015, the office of the Assistant Public Defender/Post-Conviction Habeas Unit provided its review of Kirk's state-court petition pursuant to New Mexico Rule 5-802(G)(1) NMRA.[2] *Doc. 14-4* at 35. Pertinent to this case, that office set forth the procedural history of Kirk's case: three different defense attorneys had been assigned and moved to withdraw based on a conflict of interest, a psychiatric evaluation to determine Kirk's competency to stand trial and finding of competency, and Kirk's filing of "multiple *pro se* motions while being represented by counsel, raising numerous claims, including his right to a speedy trial." *Doc. 14-4* at 36; *see also Doc. 14-1* at 21 (Motion to Withdraw as Counsel); *Doc. 14-1* at 25 (Order for Competency Evaluation); *Doc. 14-1* at 40 (Motion to Withdraw); *Doc. 14-4* at 1 (Motion to Withdraw). The office opined that Kirk's "claim for violating his rights to a speedy trial fails as a matter of law" based upon the New Mexico Supreme Court's decision in *State v. Spearman*, 2012-NMSC-023, 283 P.3d 272. *Id.* at 36. In conclusion, the office "determine[d] that [Kirk's petition] is not a proceeding that a reasonable person would be willing to bring at a person's own expense." *Id.*

Shortly thereafter, Kirk's state-court petition was summarily dismissed on June 29, 2015. *Doc. 14-4* at 65-67. The state court found that Kirk's "[c]laims challenging

---

[2] This rule states, in pertinent part: "Within thirty (30) days after receipt of the petition and attachments from the district court, the public defender department may file a statement indicating that the petition is not a proceeding that a reasonable person would be willing to bring at a person's own expense and provide sufficient detail for further judicial review. Within forty-five (45) days after the petition is accepted and filed, the court shall examine the petition together with all attachments. If it plainly appears from the face of the petition, any attachments and the prior proceedings in the case that the petitioner is not entitled to relief as a matter of law, the court shall order a summary dismissal of the petition, state the reasons for the dismissal, and promptly serve a copy of said order on petitioner, district attorney, attorney general, and the public defender department post-conviction unit." Rule 5-802 NMRA.

Petitioner's right to a speedy trial are substantially the same as those heard by this court in March, 2015,[3] and have no prima facie merit under *State v. Spearman*, 2012-NMSC-023, 283 P.3d 272." *Doc. 14-4* at 65.

Kirk filed a Petition for a Writ of Certiorari to the District Court from Denial of Habeas Corpus in the New Mexico Supreme Court on July 20, 2015. *Doc. 14-4* at 68. In this petition Kirk asserted that the district court erred in addressing his fifth, sixth, and fourteenth amendment rights. *Id.* at 69-71. Kirk reasserted his position that his sixth amendment right to a speedy trial was violated. *Id.* Kirk also argued entitlement to damages for the violation of his Fourteenth Amendment right to medical care and Fourth Amendment right to be free from unreasonable searches and seizures. *Id.* at 71. As part of the relief requested in his state-court petition Kirk requested "post pre-sentence confinement Good time, Amending Judgment and Sentence[.]" *Id.* at 72. The New Mexico Supreme Court denied Kirk's writ seeking certiorari on November 5, 2015. *Doc. 14-4* at 74.

## II. PROCEDURAL POSTURE – UNEXHAUSTED CLAIMS

As an initial matter, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

---

[3] The Court is unable to ascertain what March 2015 proceeding or decision to which this summary denial refers, as the case detail provided by Respondents show no action in Kirk's case between the dates of November 19, 2014, when Kirk's Motion to Reconsider Sentence was denied, and June 15, 2015, when the state petition at issue was summarily dismissed and when Kirk's petition was filed on the record in state district court. *Doc. 14-4* at 78.

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (footnote omitted). At the same time, the court cannot "assume the role of advocate for the pro se litigant." *Id.*

Kirk filed the instant amended federal petition on July 29, 2015, while his state petition for a writ of certiorari was pending. *Doc. 3*. In Ground One, Kirk asserts that his pre-trial confinement violated his right to "due process of law." *Id.* at 5. As supporting facts, Kirk states only that he was "at Valencia County Detention Center since 10-27-2010 Through 03-04-2014[.]" *Id.* Ground Two is described as "motion to dismiss" and asserts entitlement to "post presentence confinement good time credit" as more explicitly detailed in his reply to Respondent's Answer which Kirk entitled "Motion to Compel Viable Claims." *Doc. 11*.

In his first federal petition that was dismissed for lack of exhaustion, Kirk alleged a violation of his Sixth Amendment right to a speedy trial based on the very same facts for which he now asserts a violation of due process. Respondent argues that this new "due process" claim alleged in Ground One was not brought in the state habeas proceedings and is therefore unexhausted, and the Court agrees. It is possible, however, that Kirk is simply intending to reassert the exhausted Sixth Amendment speedy trial claim; again, this Court must liberally construe a pro se litigant's pleadings. Respondent also contends that the claim brought in Ground Two is similarly unexhausted as it is brought for the first time in this federal petition.

As Respondent notes, when faced with a petition containing unexhausted claims, the Court has four available options: (1) dismiss the petition in its entirety without prejudice so the petitioner can fully exhaust his state court remedies; (2) stay the

petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the claims have any merit. *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoted authority omitted). Here, I will choose the fourth option and ignore the exhaustion requirement because, for the reasons set forth below, all of Kirk's claims lack merit.

### III.     ANALYSIS OF THE MERITS OF KIRK'S CLAIMS

#### A. Ground One – Length of Pretrial Confinement Claim

Whether cast as an alleged violation of due process or of his Sixth Amendment right to a speedy trial, Kirk fails to state a viable claim as to the three and one-half years he spent in pretrial detention at Valencia County Detention Center. "The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989). And, in the present case, Kirk alleges only a nonjurisdictional defect:

> In *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973), the Supreme Court reaffirmed that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." It has thus been held that a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process. *United States v. Saldana,* 505 F.2d 628 (5th Cir.1974) (guilty plea waived sixth amendment right to speedy trial); *Lambert v. United States,* 600 F.2d 476, 477–78 (5th Cir.1979) (claim that defendant was denied due process by excessive bail was waived by guilty plea); *United States v. O'Donnell,* 539 F.2d 1233,

7

1236–37 (9th Cir.1976) (by pleading guilty, defendant waived his right to assert that pretrial delay violated his due process rights).

*Tiemens v. United States*, 724 F.2d 928 (11th Cir. 1984).

The Tenth Circuit acknowledged this outcome in an case even before the Second Circuit had spoken: "the common law rule was firmly established that a defendant who knowingly and voluntarily entered a guilty plea waived all nonjurisdictional defects in the criminal proceeding, including alleged violations of constitutional rights." *United States v. Andrews*, 790 F2d 803, 809-810 (10th Cir. 1986) (citations omitted). "It is also well established that a plea of nolo contendere has the effect of a plea of guilty in waiving nonjurisdictional defects." *Id.* at 810 (citing *Zebelman v. United States,* 339 F.2d 484, 485 (10th Cir. 1964)).

Thus, Kirk waived the claim brought in Ground One when he entered his no contest plea to the charges. Because he was not permitted to withdraw that plea and was sentenced on those charges, the Court will recommend dismissal of this claim.

## B.  Ground Two – Post Presentence Good Time Credit Claim

On November 12, 2015, Kirk filed a Motion to Subpoena Warden Joe Chavez *(Doc. 11)* seeking an order requiring the Warden "to provide courts with documentation of the amount of time that Mr. James Thor Kirk did in fact work as a Trustee at Valencia County Detention Center." *Id.* Kirk claims that "[w]ith this documentation Mr. Kirk should have credit time served and be released Immediately[.]" *Id.* Respondent argues that "[t]he amount of time – 1,224 days – that counsel understands Mr. Kirk to be requesting was specifically credited by the terms of the judgment. . . . [such that] Mr. Kirk has received the requested relief. . . ." *Doc. 14* at 9.

In his subsequently filed "Motion to Compel Viable Claims," Kirk clarifies that he is seeking yet an additional "202 days towards 1,224 for a total of 1,406 days pre-sentence confinement" spent in Valencia County Detention Center. *Doc. 15* at 1. He contends that he is entitled to the additional 202 days of good time credit based upon his presentence service as a trustee at that institution. As Warden Chavez explains in his December 14, 2015 letter to Kirk, "per VCDC policy I can only award good time if the judge approves this on your J&S and you are serving your sentence here at VCDC." *Id.* at 2; *see also, id.* at 17-20 (VCDC Good Time Policy #731). Because neither condition is met, Kirk fails to state a viable claim on Ground Two.

### C. "Modified – Complaint for Damages" *(Doc. 20)*

Finally, Kirk improperly filed a "Modified – Complaint for Damages" in this action on January 19, 2016 in which he seeks to bring a Section 1983 suit for alleged injuries related to his medical care at VCDC. At the Court's direction, the Clerk has rectified that error by opening a new case in which that filing now serves as the initiating pleading in Civil Cause 16-0270 JB/SCY. Wherefore,

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice in its entirety on the merits.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE